IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3179-FL

JAMES ROGER RONQUEST,  )
        )
   Plaintiff,   )
        )
   v.     )    ORDER
        )
S. NEWTON, S. MOSS, DAVID C. )
LEACH, ANTHONY FOX, UNITED )
STATES POSTAL SERVICE,  )
        )
   Defendants.  )

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter now is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE 7), motion for voluntary dismissal (DE 8), motion for relief (DE 12), motions to enter evidence (DE 16, 18), and motion to amend (DE 17).

## BACKGROUND

Plaintiff brings this § 1983 action against the United States Postal Service ("USPS"), David C. Leach ("Leach"), Anthony Fox ("Fox"), S. Newton ("Newton"), and S. Moss ("Moss"). Plaintiff's claims stem from a complaint plaintiff filed on December 17, 2015, in the United States District Court for the District of Columbia ("DC") against the Federal Aviation Administration ("FAA"), defendant Leach, and defendant Fox. See Ronquest v. The Federal Aviation Administration, No. 1:15-cv-2199-UNA (D.C. Dec. 17, 2015). In that action, plaintiff sued the FAA and the U.S. Secretary of Transportation "for not using [his] ideas [and] suggestions back in 1985 to secure the cock-pit doors of our planes." (Compl. ¶ 5). The FAA and the Secretary of

Transportation "[ultimately] did use [his] ideas and suggestions [in 2003,] and [plaintiff] was never recognized for [his] good [and] humble ideas which would have prevented the 9/11 from taking place and costing trillions of tax dollars and the lives of over 3,000 and including two wars which would have been prevented." (Id.)

Shortly after plaintiff filed his complaint, the DC district court issued an order directing plaintiff to provide it with a trust fund account statement for the six-month period immediately preceding the filing of the complaint. Id. The court cautioned plaintiff that failure to provide the requested information within 30 days would result in dismissal of his action. Id. Plaintiff did not comply with the DC district court's order within the 30-day time period provided. Id. Accordingly, on February 29, 2016, the DC district court dismissed plaintiff's action without prejudice due to plaintiff's failure to submit the requested financial information. See Ronquest, No. 1:15-cv-2199-UNA (D.C. Dec. 17, 2015).

On March 7, 2016, plaintiff filed a pleading captioned "Motion Not to Dismiss" in the DC district court stating that he did not receive the district court's December 17, 2015, order until February 23, 2016. Id. (Mar. 7, 2016). Plaintiff further stated that, after receiving the DC district court's order, he requested the trust fund information from the DPS's accounting department, and two days later, the accounting department informed plaintiff that they would send the trust fund information "in a couple of days." Id. On May 18, 2016, the DC district court denied plaintiff's motion to dismiss on the grounds that plaintiff's motion was received after the case was dismissed and because plaintiff did not include the previously requested inmate trust fund account statement. Id. Plaintiff then filed the instant action asserting that defendants Newton and Moss denied him access to courts in violation of the First Amendment to the United States Constitution because they

2

interfered with his ability to litigate plaintiff's action in the DC district court. Plaintiff also alleges

that the USPS interfered with his mail in violation of the First Amendment to the United States

Constitution. Finally, plaintiff appears to re-assert the claims he raised in the DC district court

against defendants Fox and Leach in this action.

## DISCUSSION

A.  Motions to Amend and for Voluntary Dismissal

On August 19, 2016, plaintiff moved the court to voluntarily dismiss his action against

defendants Leach and Fox. Plaintiff subsequently moved to amend his complaint to re-allege his

claims against these defendants. The court ALLOWS plaintiff's first motion to amend as a matter

of course. See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013).

Based upon the foregoing, the court DENIES as MOOT plaintiff's motion for voluntary dismissal.

B.  Motion to Appoint Counsel

Plaintiff seeks counsel to assist with litigating this action. There is no constitutional right

to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se

civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The

existence of exceptional circumstances justifying appointment of counsel depends upon "the type

and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739

F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S.

Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also

Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has

a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist

him."). Plaintiff's claim is not complex. Further, plaintiff has failed to demonstrate that his case

is one in which exceptional circumstances merit appointment of counsel. Rather, plaintiff's pleadings demonstrate that he is capable of proceeding *pro se*. Thus, plaintiff's motion to appoint counsel is DENIED.

C.      Motions to Enter Evidence

Plaintiff seeks leave of court to submit documents in support of his complaint. For good cause shown, plaintiff's motions are GRANTED.

D.      Frivolity Review

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328.

Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327). Examples of such claims, the Supreme Court has said, are those "describing fantastic or delusional scenarios," or claims which are otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact. Id. at 32-33 (citing Neitzke, 490 U.S. at 328).

4

The court begins with plaintiff's action against the USPS. Plaintiff alleges that the USPS interfered with the transmission of his legal mail in violation of the First Amendment to the United States Constitution. The USPS is a government agency. The federal government and its agencies are not subject to suit absent a waiver of sovereign immunity. Loeffler v. Frank, 486 U.S. 549, 554 (1988); Global Mail Ltd. v. U.S. Postal Service, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit.) The federal government has not waived its immunity for suits brought pursuant to Bivens or § 1983. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994); Global Mail Ltd. v. U.S. Postal Service, 142 F.3d 208, 210 (4th Cir. 1998) ("As a governmental entity, USPS is entitled to sovereign immunity unless Congress waives that immunity and authorizes consent to suit."). Thus, plaintiff's action against the USPS is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court now turns to plaintiff's action against defendants Leach and Fox. Plaintiff seeks to hold these defendants liable for the FAA and Secretary of Transportation's alleged failure to implement the suggested safety regulations plaintiff made in 1985. This claim is nonsensical, and is DISMISSED as factually frivolous.[1] See Denton, 504 U.S. at 32-33 (stating factually frivolous claims include those "describing fantastic or delusional scenarios," or claims which are otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact); see Adams, 40 F.3d at 74–75.

---

[1] This claim alternatively is barred by the three-year statute of limitations governing this Bivens claim. See N.C. Gen. Stat. § 1-52(5); see Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996).

5

Finally, the court addresses plaintiff's access to courts claim against remaining defendants Moss and Newton, who are employed by the DPS's Administrative Services. In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The United States Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

As an initial matter, plaintiff's underlying DC district court suit seeking monetary damages for the FAA and US Secretary of Transportation's failure to implement plaintiff's safety suggestions is not the type of suit protected by the First Amendment access to courts because it does not involve a direct criminal appeal, a habeas corpus proceedings, or a civil rights action challenging conditions of confinement. See Lewis, at 354-55. Plaintiff, additionally, has not alleged facts sufficient to "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. Rather, as stated above, plaintiff's underlying claim is factually frivolous. See Denton, 504 U.S. at 32-33 (stating factually frivolous claims include those "describing fantastic or delusional scenarios," or claims which are otherwise manifestly "fanciful" or so wholly irrational as to lack any basis in fact);

6

see <u>Adams</u>, 40 F.3d at 74–75. Based upon the foregoing, plaintiff has not alleged that defendants Newton or Moss denied him access to courts.

## CONCLUSION

In summary, the court rules as follows:

(1)      Plaintiff's motion to appoint counsel (DE 7) is DENIED;

(2)      Plaintiff's motion to amend (DE 17) is GRANTED, and plaintiff's motion for voluntary dismissal (DE 8) is DENIED as MOOT;

(3)      Plaintiff's motions to enter evidence (DE 16, 18) are GRANTED;

(4)      Plaintiff's action is DISMISSED without prejudice for failure to state a claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii);

(5)      Because the court dismissed this action without prejudice, plaintiff's motion for relief (DE 12) is DENIED as MOOT;

(6)      The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 17th day of January, 2017.


LOUISE W. FLANAGAN
United States District Judge